Michael E. Weinsten (*pro hac vice* application to be filed)
Zev F. Raben
LAVELY & SINGER PROFESSIONAL CORPORATION
2049 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone:  310-556-3501
Facsimile:  310-556-3615
Email: mweinsten@lavelysinger.com
       zraben@lavelysinger.com

Maura J. Wogan
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue, 10th Floor
New York, New York 10022
Telephone:  212-980-0120
Facsimile:  212-593-9175
Email: mwogan@fkks.com

*Attorneys for Plaintiff*
*PARIS HILTON ENTERTAINMENT, INC.*



14 CV 2437

RECEIVED APR 08 2014 U.S.D.C. S.D. N.Y. CASHIERS

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

PARIS HILTON ENTERTAINMENT, INC.,

          Plaintiff,

-against-

ANTEBI FOOTWEAR GROUP, LLC, and DOES 1 through 20, inclusive,

          Defendants.

------------------------------------------------------X

Case No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Paris Hilton Entertainment, Inc. ("PHE") by and through its attorneys, Lavely & Singer Professional Corporation and Frankfurt Kurnit Klein & Selz, P.C., for its Complaint against Defendant Antebi Footwear Group, LLC ("Antebi"), respectfully alleges as follows:

## NATURE OF THIS ACTION

1. This lawsuit emanates from Antebi's unlawful attempt to reap millions of dollars in profits from exploiting the lucrative brand of international celebrity Paris Hilton without paying the compensation it agreed to pay for its license. Although there is no dispute that Antebi owes substantial sums under its agreements to license the Paris Hilton brand for worldwide distribution of footwear, Antebi refuses to pay, and now outrageously attempts to justify its conduct by fabricating claims that PHE prejudiced its contract rights.

2. Antebi's conduct is in breach of the parties' specific written agreements, and its alleged defenses are specious and transparent. After having done everything reasonably possible to obtain Antebi's performance, salvage the relationship and avoid resorting to the legal process, PHE has been left with no choice but to bring this action to recover the substantial damages it has suffered and to obtain a judicial declaration that the license agreements are terminated based on Antebi's repeated breaches.

## THE PARTIES

3. PHE is a California corporation with its principal place of business in Los Angeles, California.

4.  On information and belief, Antebi is a New York limited liability company with its principal place of business in New York, New York.

5.  This Court has subject matter jurisdiction over this dispute based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

6.  The parties have agreed by written contract to submit to the personal jurisdiction and venue of the United States District Court for the Southern District of New York.

## FACTS COMMON TO ALL CLAIMS

7.  PHE is the entity through which Paris Hilton licenses her well-known name and brand to companies manufacturing and distributing a variety of products around the world. PHE entered into a written License Agreement with Antebi dated July 1, 2007, pursuant to which Antebi obtained a license to market Paris Hilton brand footwear in the United States and Canada, which was subsequently amended three times ("the North America Agreement"). Antebi and PHE subsequently entered into a written License Agreement dated June 1, 2009 providing for a similar footwear license throughout the world excepting North America, which was amended twice ("the Worldwide Agreement"). (The North America Agreement and the Worldwide Agreement, as amended, are sometimes collectively referred to as the "License Agreements.") The License Agreements, as amended, have a term extending through 2014.

8.  In exchange for the licenses to market Paris Hilton brand footwear, Antebi is required to pay royalties to PHE at 8% of "Net Sales" (9.2% against the first $10 million in Net Sales under the Worldwide Agreement). Antebi is also required to pay minimum guaranteed

2

royalties in each contract year. The minimum guaranteed royalties payable under the Worldwide Agreement are $138,000 for 2013 and $165,600 for 2014. The minimum guaranteed royalties payable under the North America Agreement are $269,324 for 2013 and $148,128 for 2014.

9.  Under Section 4.2 of the License Agreements, PHE is entitled to conduct an audit to confirm the accuracy of Antebi's accountings and payments of royalties. Beginning in 2012, after sending various letters demanding payment for sums that had not been paid by Antebi under the License Agreements, PHE commenced an audit for the period July 1, 2007 through December 31, 2011. Pursuant to that audit, it was determined that Antebi had failed to pay nearly $400,000 in royalties due and owing under the License Agreements. Additional royalties are due for periods following the audit period.

10. PHE is informed and believes and thereon alleges that a total of in excess of $1 million is due and owing for guaranteed royalties and other royalties owed by Antebi pursuant to the License Agreements. PHE, therefore, seeks monetary damages from Antebi in excess of $1 million.

## FIRST CLAIM FOR RELIEF
(Breach of Contract)

11. PHE incorporates by reference paragraphs 1 through 10 above as if set forth in full herein.

12. Pursuant to the License Agreements, Antebi was required to pay royalties, including minimum guaranteed royalties, in exchange for the license to market Paris Hilton brand footwear in North America and throughout the world.

13. PHE satisfied its obligations under the License Agreements and has performed all duties and obligations on its part required to be performed thereunder, except to the extent such performance was waived, excused or prevented by reason of the acts and omissions of Antebi, including Antebi's material breaches of the License Agreements.

14. Antebi has materially breached the License Agreements by, among other things, failing to pay royalties, including the amounts determined to be due and owing by the audit for the pre-December 31, 2011 period, plus minimum guarantees and royalties owed in excess of minimum guarantees under the License Agreements for periods after the period covered by the audit, plus interest on the claims, the total amount of which exceeds $1 million.

15. As a direct and proximate result of Antebi's breaches of contract, PHE has been damaged in an amount to be determined at trial but which is in excess of $1 million.

## SECOND CLAIM FOR RELIEF
(Declaratory Relief)

16. PHE incorporates by reference paragraphs 1 through 10 and 12 through 14 above as if set forth in full herein.

17. Pursuant to the License Agreements, PHE has the right to terminate the License Agreements in the event that Antebi fails to make timely payments due thereunder. Despite repeated demands from PHE, Antebi has failed to pay substantial royalties due and owing to PHE.

18. An actual dispute and controversy has arisen and exists between PHE, on the one hand, and Antebi, on the other hand, in that PHE contends that Antebi's material breaches of the

4

License Agreements entitle PHE to terminate the License Agreements and accelerate payments due thereunder. PHE is informed and believes and thereon alleges that Antebi disputes each of PHE's contentions, and contends that there have been no breaches of the License Agreements and that PHE is not entitled to terminate the License Agreements.

19. A judicial declaration is necessary and appropriate at this time in order that PHE and Antebi may ascertain their respective rights and responsibilities with respect to the License Agreements. PHE requests that the Court enter a judgment declaring the parties' respective rights and obligations in connection with the allegations and contentions described above, and specifically to determine that the License Agreements are terminated and of no further force or effect due to Antebi's conduct.

## THIRD CLAIM FOR RELIEF
### (An Accounting)

20. PHE incorporates by reference paragraphs 1 through 10 and 12 through 14 above as if set forth in full herein.

21. An accounting by the Court of the monies due and owing to PHE pursuant to the License Agreements is necessary and appropriate in order to ascertain the precise amount of PHE's damages. Without such an accounting, PHE will be without a legitimate remedy.

22. Based on the foregoing, PHE requests a court-ordered accounting of all monies due and owing to PHE pursuant to the License Agreements.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PHE prays for judgment against Antebi as follows:

On the First Claim for Relief:

1. For a money judgment in an amount to be proven at trial but in excess of $1 million; and

2. For pre-judgment and post-judgment interest.

On the Second Claim for Relief:

1. For a declaration that the License Agreements are terminated and of no further force or effect, and that royalties set forth therein are immediately due and payable.

On the Third Claim for Relief:

1. For a court-ordered accounting to ascertain the precise amount of monies due and owing from Antebi to PHE under the License Agreements.

On All Claims for Relief:

1. For recovery of all costs and attorneys fees pursuant to the terms of the License Agreements; and

2. For such other relief as the Court may deem just and proper.

Dated: New York, New York
      April 7, 2014

                FRANKFURT KURNIT KLEIN & SELZ, P.C.

                By: _____/s/ Maura J. Wogan_____
                    Maura J. Wogan

                488 Madison Avenue, 10th Floor
                New York, New York 10022
                Telephone:   212-980-0120
                Facsimile:    212-593-9175
                Email: mwogan@fkks.com

                Michael E. Weinsten (*pro hac vice* application to be filed)
                Zev F. Raben
                LAVELY & SINGER
                PROFESSIONAL CORPORATION
                2049 Century Park East, Suite 2400
                Los Angeles, California 90067
                Telephone:   310-556-3501
                Facsimile:    310-556-3615
                Email: mweinsten@lavelysinger.com
                         zraben@lavelysinger.com

                *Attorneys for Plaintiff*
                *PARIS HILTON ENTERTAINMENT, INC.*

## DEMAND FOR JURY TRIAL

In accordance with Federal Rules of Civil Procedure, Rule 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
April 7, 2014

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: _____
Maura J. Wogan
488 Madison Avenue, 10th Floor
New York, New York 10022
Telephone:  212-980-0120
Facsimile:  212-593-9175
Email: mwogan@fkks.com

Michael E. Weinsten (*pro hac vice* application to be filed)
Zev F. Raben
LAVELY & SINGER
PROFESSIONAL CORPORATION
2049 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone:  310-556-3501
Facsimile:  310-556-3615
Email: mweinsten@lavelysinger.com
           zraben@lavelysinger.com

*Attorneys for Plaintiff*
*PARIS HILTON ENTERTAINMENT, INC.*