Michael E. Weinsten (admitted *pro hac vice*)
Zev F. Raben
LAVELY & SINGER PROFESSIONAL CORPORATION
2049 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone:   310-556-3501
Facsimile:   310-556-3615
Email:       mweinsten@lavelysinger.com
             zraben@lavelysinger.com

Maura J. Wogan
Jeremy S. Goldman
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue, 10th Floor
New York, New York 10022
Telephone:   212-980-0120
Facsimile:   212-593-9175
Email:       mwogan@fkks.com
             jgoldman@fkks.com

*Attorneys for Plaintiff*
*PARIS HILTON ENTERTAINMENT, INC.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

PARIS HILTON ENTERTAINMENT, INC.,

         Plaintiff,

-against-

ANTEBI FOOTWEAR GROUP, LLC, and
DOES 1 through 20, inclusive,

         Defendants.

-------------------------------------------------------------X

Case No.: 14-cv-02437 (SAS) (AJP)

**PLAINTIFF PARIS HILTON ENTERTAINMENT, INC.'S ANSWER TO THE COUNTERCLAIMS BY DEFENDANT ANTEBI FOOTWEAR GROUP, LLC**

      Plaintiff, Paris Hilton Entertainment, Inc. ("Plaintiff" or "PHE"), by and through its attorneys, Lavely & Singer Professional Corporation and Frankfurt Kurnit Klein & Selz, P.C.,

hereby answers the Defendant, Antebi Footwear Group, LLC's ("Defendant" or "Antebi"), Counterclaims as follows:

## RESPONSE TO THE COUNTERCLAIMS

### RESPONSE TO THE FIRST COUNTERCLAIM – BREACH OF CONTRACT

1. To the extent that Paragraph 32 contains Defendant's legal conclusions and responses to Plaintiff's Complaint, no response is necessary. However, to the extent that an answer is required Plaintiff denies the allegations of Paragraph 32.

2. PHE denies the allegations of Paragraph 33, and respectfully refers to the Court to the terms of the Agreements for the true and accurate contents of those documents.

3. PHE denies the allegations of Paragraph 34.

4. PHE denies the allegations of Paragraph 35.

5. PHE denies the allegations of Paragraph 36.

6. PHE denies the allegations of Paragraph 37.

7. PHE denies the allegations of Paragraph 38.

8. PHE denies the allegations of Paragraph 39.

9. PHE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40.

10. PHE denies the allegations of Paragraph 41 and respectfully refers the Court to the tweets for the true and accurate contents of those tweets.

11. PHE denies the allegations of Paragraph 42.

12. PHE denies the allegations of Paragraph 43.

13. PHE denies the allegations of Paragraph 44 except admits that Antebi submitted designs for PHE approval.

14. PHE denies the allegations of Paragraph 45.

15. PHE denies the allegations of Paragraph 46.

16. PHE denies the allegations of Paragraph 47.

17. PHE denies the allegations of Paragraph 48.

18. PHE denies the allegations of Paragraph 49.

19. PHE denies the allegations of Paragraph 50.

20. PHE denies the allegations of Paragraph 51.

RESPONSE TO THE SECOND COUNTERCLAIM –
BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

21. PHE repeats and reiterates, and incorporates herein by reference, its responses contained in the preceding paragraphs as if fully set forth herein.

22. To the extent that Paragraph 53 contains a legal conclusion, no response is necessary. However, to the extent that an answer is required, PHE denies the allegations of Paragraph 53.

23. To the extent that Paragraph 54 contains a legal conclusion, no response is necessary. However, to the extent that an answer is required, PHE denies the allegations of Paragraph 54.

24. PHE denies the allegations of Paragraph 55.

25. PHE denies the allegations of Paragraph 56.

26. PHE denies the allegations of Paragraph 57.

RESPONSE TO THE THIRD COUNTERCLAIM –
TORTIOUS INTERFERENCE WITH CONTRACT

27. PHE repeats and reiterates, and incorporates herein by reference, its responses contained in the preceding paragraphs as if fully set forth herein.

28. PHE denies the allegations of Paragraph 59.

29. PHE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60.

30. PHE denies the allegations of Paragraph 61.

31. PHE denies the allegations of Paragraph 62.

32. PHE denies the allegations of Paragraph 63.

33. PHE denies the allegations of Paragraph 64.

34. PHE denies the allegations of Paragraph 65.

35. PHE denies the allegations of Paragraph 66.

RESPONSE TO THE FOURTH COUNTERCLAIM – UNJUST ENRICHMENT

36. PHE repeats and reiterates, and incorporates herein by reference, its responses contained in the preceding paragraphs as if fully set forth herein.

37. PHE denies the allegations of Paragraph 68.

38. PHE denies the allegations of Paragraph 69.

39. PHE denies the allegations of Paragraph 70.

40. PHE denies the allegations of Paragraph 71.

41. PHE denies the allegations of Paragraph 72.

42. PHE denies the allegations of Paragraph 73.

43. PHE denies the allegations of Paragraph 74.

44. PHE denies the allegations of Paragraph 75.

RESPONSE TO THE FIFTH COUNTERCLAIM – UNFAIR COMPETITION

45. PHE repeats and reiterates, and incorporates herein by reference, its responses contained in the preceding paragraphs as if fully set forth herein.

46.    PHE denies the allegations of Paragraph 77.

47.    PHE denies the allegations of Paragraph 78.

48.    PHE denies the allegations of Paragraph 79.

RESPONSE TO THE SIXTH COUNTERCLAIM – PROMISSORY ESTOPPEL

49.    PHE repeats and reiterates, and incorporates herein by reference, its responses contained in the preceding paragraphs as if fully set forth herein.

50.    PHE denies the allegations of Paragraph 81.

51.    PHE denies the allegations in Paragraph 82.

52.    PHE denies the allegations of Paragraph 83.

RESPONSE TO THE SIXTH COUNTERCLAIM [sic] – FOR AN ACCOUNTING

53.    PHE repeats and reiterates, and incorporates herein by reference, its responses contained in the preceding paragraphs as if fully set forth herein.

54.    PHE denies the allegations of Paragraph 85.

55.    PHE denies the allegations of Paragraph 86.

RESPONSE TO THE SEVENTH COUNTERCLAIM – DEFAMATION

56.    PHE repeats and reiterates, and incorporates herein by reference, its responses contained in the preceding paragraphs as if fully set forth herein.

57.    PHE denies the allegations of Paragraph 88, except lacks knowledge or information sufficient to form a belief as to the truth of the allegation that in April 2012 Antebi was nominated by the International Licensing Industry Merchandisers' Association as Best Celebrity Soft Goods Licensee of the Year.

58. PHE denies the allegations of Paragraph 89, except lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Antebi's business relied on the continuous goodwill of the "Paris Hilton: The Shoe Collection" label and line, which goodwill Antebi worked long and voraciously to establish and generate.

59. PHE denies the allegations of Paragraph 90, except lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Antebi established unparalleled goodwill with its distributors, vendors, merchants, retailers, factors and other business contacts.

60. PHE denies the allegations of Paragraph 91, except lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Antebi earned substantial sums of money on its Paris Hilton shoe line.

61. PHE denies the allegations of Paragraph 92, except lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Antebi principal Joseph Antebi was noted to be a rising and accomplished part of the fashion licensure industry.

62. PHE denies the allegations of Paragraph 93.

63. PHE denies the allegations of Paragraph 94.

64. PHE denies the allegations of Paragraph 95, except admits that Paris Hilton is engaged in social media and PHE and Paris Hilton employ the services of a publicist.

65. PHE denies the allegations of Paragraph 96.

66. PHE denies the allegations of Paragraph 97.

67. PHE denies the allegations of Paragraph 98.

68. PHE denies the allegations of Paragraph 99.

RESPONSE TO THE DEMAND FOR JURY UPON THE COUNTERCLAIMS

69. To the extent that Paragraph 100 contains a legal conclusion, no response is necessary.

PLAINTIFF'S RESPONSE TO DEFENDANT'S PRAYER FOR RELIEF

70. Plaintiff denies that Defendant is entitled to the relief sought in its prayer for relief (a) – (d).

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1. Antebi's counterclaim and each purported claim in the counterclaim fails to state facts sufficient to constitute a cause or causes of action against Plaintiff upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE
(Waiver)

2. Antebi's causes of action are barred by the doctrine of waiver.

THIRD AFFIRMATIVE DEFENSE
(Estoppel)

3. Antebi's causes of action are barred by the doctrine of estoppel.

FOURTH AFFIRMATIVE DEFENSE
(Unclean Hands)

4. Antebi's counterclaims are barred by the doctrine of unclean hands in that Antebi's own actions have caused the alleged harm incurred, if any.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

5. If Antebi has suffered any injuries or harm, which PHE expressly denies, PHE alleges that Antebi's recover is barred by Antebi's failure to mitigate, reduce or otherwise avoid its damages or injuries.

## SIXTH AFFIRMATIVE DEFENSE
### (Privilege)

6. The alleged conduct on which the defamation Counterclaim is based is protected by one or more privileges including, without limitation, the litigation privilege.

## SEVENTH AFFIRMATIVE DEFENSE
### (Prior Breach / Excuse of Performance)

7. PHE is excused from its performance under the contract since Antebi breached the contract prior to any alleged breach by PHE.

## EIGHTH AFFIRMATIVE DEFENSE
### (Right to Assert Additional Defenses)

8. PHE presently has insufficient knowledge or information on which to form beliefs as to whether there are additional, as yet unstated affirmative defenses. Thus, to the extent the Court may have jurisdiction herein, and subject to discovery in this action, PHE expressly reserves its right to assert additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, PHE prays for relief as follows:

1. That Antebi's counterclaims are dismissed with prejudice in their entirety;

2. That PHE be awarded all its costs and attorney's fees incurred; and

      3.      That PHE be granted such other and further relief as this Court may deem just and proper.

Dated: Los Angeles, California
         June 9, 2014

                                 LAVELY & SINGER
                                 PROFESSIONAL CORPORATION

                            By:     /s/ *Michael E. Weinsten*
                                    Michael E. Weinsten
                                    Zev F. Raben
                        2049 Century Park East, Suite 2400
                        Los Angeles, California 90067
                        Telephone:   310-556-3501
                        Facsimile:    310-556-3615
                        Email:        mweinsten@lavelysinger.com
                        Email:        zraben@lavelysinger.com

                        Maura J. Wogan
                        Jeremy Goldman
                        FRANKFURT KURNIT KLEIN & SELZ, P.C.
                        488 Madison Avenue, 10th Floor
                        New York, New York 10022
                        Telephone:   212-980-0120
                        Facsimile:    212-593-9175
                        Email:        mwogan@fkks.com
                                           jgoldman@fkks.com

                        *Attorneys for Plaintiff Paris Hilton Entertainment, Inc.*